<u>**UNITED STATES OF AMERICA**</u>

<u>**DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN**</u>

EXCELLENCY LIMOUSINES, LLC

|  |  |  |
|---|---|---|
| | Plaintiff | 26-cv- |
| | | Hon. |

v.

ACR ATHENS, LLC d/b/a MERCEDES
BENZ OF ATHENS and CLIMB
ENTERTAINMENT, LLC,

Defendants
_____/

MY MICHIGAN DEFENSE LAWYER, P.C.
ATTORNEYS FOR PLAINTIFF
By: Attorney Robert L. Hamburger (P14570)
18640 Mack Avenue
Grosse Pointe Farms, MI 48236
T: (313) 640-1111
F: (313 640-9999
E: robert@mymichigandefenselawyer.com
_____/

<u>**COMPLAINT**</u>

<u>**COUNT I PARTIES JURISDICTION AND VENUE**</u>

1. Plaintiff Excellency Limousines is a Michigan Limited Liability Company formed under the laws of State of Michigan doing business in the State of Michigan with a principal place of business in City of Sterling Heights, County of Macomb and State of Michigan.

2. Plaintiff's domicile is now and at all times relevant has been in the City of Sterling Heights, County of Macomb and State of Michigan.

3. Defendant ACR Athens, LLC d/b/a Mercedes Benz of Athens is a limited liability company formed under the laws of Georgia with a principal place of business in the City of Athens, County of Clarke, and State of Georgia.

4. That Defendant, ACR Athens, LLC d/b/a Mercedes Benz of Athens, is domiciled in the City of Watkinsville, County of Oconee and State of Georgia.

5. Defendant Climb Entertainment LLC is a Limited Liability Company formed under the laws of State of Georgia with a principal place of business in City of Winder, County of Barrow and State of Georgia.

4. That Defendant Climb Entertainment LLC is domiciled in the City of Winder, County of Barrow and State of Georgia

5. This Court has subject matter jurisdiction over this action pursuant to 28 USCS § 1332, because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. This Court has personal jurisdiction over ACR Athens, LLC d/b/a Mercedes Benz of Athens and Climb Entertainment, LLC pursuant to MCLS § 600.715, as defendants entered into a contract for services to be performed in the City of Sterling Heights, County of Macomber and State of Michigan and transacted business within Michigan by dispatching an agent to Michigan to close and complete the sale with plaintiff.

7. Venue is proper in this Court pursuant to 28 USCS § 1391.

### **COUNT II FACTS**

8. That Plaintiff hereby incorporates by reference the allegations contained within the paragraphs 1-7 above as though fully restated and repeated herein paragraph for paragraph and word for word.

9. On November 15, 2023, plaintiff purchased a Mercedes van from defendant ACR Athens, LLC d/b/a Mercedes Benz of Athens.

10. The total purchase price was $141,685.00.

11. Plaintiff financed the purchase through Huntington National Bank.

12. The purchase price included costs for defendant Climb Entertainment LLC to modify the van for use as a limousine in Michigan.

13. Defendant ACR Athens, LLC d/b/a Mercedes Benz of Athens and Climb Entertainment LLC dispatched one of its agents to Michigan to meet with plaintiff to complete the sale.

14. The sale was completed in the City of Sterling Heights County of Macomb and State of Michigan.

15. The sale included a bailment agreement allowing defendant ACR Athens, LLC d/b/a Mercedes Benz of Athens to retain possession of the van for purposes of obtaining the modifications.

16. Notwithstanding the bailment agreement, Defendant ACR Athens, LLC d/b/a Mercedes Benz of Athens transferred possession of the van to defendant Climb Entertainment LLC for the purpose of completing the modifications.

17. Defendant Climb Entertainment LLC did not complete the modifications.

18. Plaintiff never obtained actual possession of the van.

19. Plaintiff made payments on the financed purchase until plaintiff exhausted available funds.

20. Plaintiff maintained insurance on the van until the van was repossessed.

21. The van was repossessed after plaintiff ran out of money.

22. The amount in controversy in this case is well in excess of $500,000.00.

## COUNT III BREACH OF CONTRACT

22. That Plaintiff hereby incorporates by reference the allegations contained within the paragraphs 1-21 above as though fully restated and repeated herein paragraph for paragraph and word for word.

23. A valid contract existed between plaintiff and defendants.

24. On November 15, 2023, plaintiff entered into a contract with defendant ACR Athens, LLC d/b/a Mercedes Benz of Athens for the purchase of a Mercedes van for $141,685.00.

25. The contract included an agreement that defendant Climb Entertainment LLC would modify the van for use as a limousine.

26. The contract was supported by adequate consideration, including plaintiff's payment of $141,685.00.

27. Plaintiff performed its contractual obligations.

28. Plaintiff made payments on the financed purchase until funds were exhausted.

29. Plaintiff maintained insurance on the van as required.

30. Defendants breached the contract.

31. Defendant Climb Entertainment LLC failed to complete the modifications to the van as required by the contract.

32. Defendant ACR Athens, LLC d/b/a Mercedes Benz of Athens failed to ensure that the modifications were completed as required by the contract.

33. Defendants failed to deliver the completed and modified van to plaintiff.

34. Plaintiff suffered damages as a result of defendants' breach.

35. Plaintiff lost the benefit of the bargain, including the purchase price of $141,685.00.

36. Plaintiff lost all payments made on the financed purchase.

37. Plaintiff lost all insurance premiums paid on the van.

38. Plaintiff lost business opportunities and profits from the inability to use the van as a limousine.

39. The van was repossessed, resulting in total loss to plaintiff.

### COUNT IV RESCISSION OF BAILMENT CONTRACT

44. That Plaintiff hereby incorporates by reference the allegations contained within the paragraphs 1-21 above as though fully restated and repeated herein paragraph for paragraph and word for word.

45. A bailment relationship existed between plaintiff and defendants.

46. Plaintiff and defendant ACR Athens, LLC d/b/a Mercedes Benz of Athens entered into a bailment agreement allowing defendant to retain possession of the van for purposes of obtaining modifications.

47. Defendant ACR Athens, LLC d/b/a Mercedes Benz of Athens was the bailee with possession of plaintiff's van.

48. Defendant ACR Athens, LLC d/b/a Mercedes Benz of Athens transferred possession to defendant Climb Entertainment LLC.

49. Defendants breached their duties under the bailment.

50. Defendant ACR Athens, LLC d/b/a Mercedes Benz of Athens had a duty to safeguard the van and use it only for the authorized purpose of obtaining modifications.

51. Defendant ACR Athens, LLC d/b/a Mercedes Benz of Athens breached this duty by transferring possession to defendant Climb Entertainment LLC without ensuring the modifications would be completed.

52. Defendant Climb Entertainment LLC had a duty to complete the modifications and return the van to plaintiff.

53. Defendant Climb Entertainment LLC breached this duty by failing to complete the modifications.

54. Neither defendant transferred possession of the van to plaintiff.

55. Plaintiff is entitled to rescission and return of the property or its value.

56. Due to defendants' breaches, plaintiff is entitled to rescission of the bailment agreement.

57. Plaintiff is entitled to return of the van or its value of $141,685.00.

58. [INSERT ADDITIONAL FACTUAL ALLEGATIONS IN SUPPORT OF THIS ELEMENT, such as demands made for return of the van and defendants' refusal or inability to return it].

59. Plaintiff suffered damages.

60. Plaintiff lost possession and use of the van.

61. Plaintiff lost the value of the van.

62. Plaintiff lost business opportunities from inability to use the van.

## COUNT V DECLARATORY JUDGMENT PURSUANT TO 28 USC 2201

66. That Plaintiff hereby incorporates by reference the allegations contained within the paragraphs 1-65 above as though fully restated and repeated herein paragraph for paragraph and word for word.

67. An actual controversy exists between the parties.

68. A substantial controversy of sufficient immediacy exists between plaintiff and defendants regarding their respective rights and obligations under the purchase contract and bailment agreement.

69. Plaintiff contends that defendants breached the contract and bailment agreement and are liable for damages.

70. The controversy is within this Court's jurisdiction.

71. This Court has subject matter jurisdiction over this controversy pursuant to 28 USCS § 1332.

72. This Court has personal jurisdiction over defendants as alleged above.

73. Declaratory relief is appropriate.

74. A declaration of the parties' rights and obligations will resolve all or part of the controversy and provide guidance for the parties' future conduct.

75. Declaratory relief will clarify whether defendants breached their obligations and the extent of their liability to plaintiff.

78. That Plaintiff hereby incorporates by reference the allegations contained within the paragraphs 1-77 above as though fully restated and repeated herein paragraph for paragraph and word for word.

79. Defendants made material representations to plaintiff.

80. Defendants represented that the van would be modified for use as a limousine.

81. Defendants represented that defendant Climb Entertainment LLC was capable of completing the modifications.

82. The representations were false.

83. The modifications were not completed.

84. Defendant Climb Entertainment LLC was not capable of completing the modifications in a reasonable time.

85. Defendants knew the representations were false or made them recklessly without knowledge of their truth.

86. Defendants made the representations with the intent that plaintiff would rely on them.

87. Defendants made the representations to induce plaintiff to enter into the purchase contract and bailment agreement.

88. Defendants made the representations to induce plaintiff to make payments and maintain insurance on the van.

89. Plaintiff justifiably relied on the representations.

90. Plaintiff relied on defendants' representations in entering into the purchase contract.

91. Plaintiff relied on defendants' representations in making payments and maintaining insurance.

92. Plaintiff's reliance was justified given defendants' positions as a Mercedes dealership and modification vendor.

93. Plaintiff suffered damages as a result of the reliance.

94. Plaintiff lost the purchase price of $141,685.00.

95. Plaintiff lost all payments made and insurance premiums paid.

96. Plaintiff lost business opportunities and profits.

## Count V - Conversion

(against all defendants)

### COUNT VI CONVERSION

97. That Plaintiff hereby incorporates by reference the allegations contained within the paragraphs 1-96 above as though fully restated and repeated herein paragraph for paragraph and word for word.

98. Plaintiff had a right to possession of the van.

99. Plaintiff purchased the van for $141,685.00 on November 15, 2023.

100. As the purchaser, plaintiff had the right to possession of the van.

101. Plaintiff temporarily relinquished possession under a bailment agreement for the limited purpose of obtaining modifications.

102. Defendants exercised unauthorized dominion or control over the van.

103. Defendant ACR Athens, LLC d/b/a Mercedes Benz of Athens retained possession of the van beyond the authorized purpose of the bailment.

104. Defendant ACR Athens, LLC d/b/a Mercedes Benz of Athens transferred possession to defendant Climb Entertainment LLC without completing the modifications or returning the van to plaintiff.

105. Defendant Climb Entertainment LLC exercised control over the van by retaining possession without completing the modifications.

106. Neither defendant returned the van to plaintiff.

107. The van was ultimately repossessed rather than returned to plaintiff.

108. Defendants' actions interfered with plaintiff's possessory rights.

109. Defendants' retention of the van and failure to complete modifications or return it interfered with plaintiff's right to possess and use the van.

110. Plaintiff was deprived of possession and use of the van.

111. Plaintiff was unable to use the van for its intended purpose as a limousine.

112. Plaintiff suffered damages.

113. Plaintiff lost the value of the van, $141,685.00.

114. Plaintiff lost all payments made and insurance premiums paid.

115. Plaintiff lost business opportunities and profits from inability to use the van.

116. Plaintiff is entitled to treble damages as the result of Defendants' conversion as well as attorney fees in relation thereto.

## COUNT VII INTENTIONAL MISREPESENTATION

117.  That Plaintiff hereby incorporates by reference the allegations contained within the paragraphs 1-21 above as though fully restated and repeated herein paragraph for paragraph and word for word.

118.  Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 117 as if fully set forth herein.

119.  Defendants made false representations of material fact.

120.  Defendants represented that the van would be modified for use as a limousine.

121.  Defendants represented that defendant Climb Entertainment LLC was capable of completing the modifications.

122.  These representations were false.

123.  Defendants knew the representations were false.

124.  Defendants intended to induce plaintiff to act or refrain from acting.

125.  Defendants made the representations to induce plaintiff to enter into the purchase contract and bailment agreement.

126.  Defendants made the representations to induce plaintiff to make payments and maintain insurance.

127.  Plaintiff justifiably relied on the representations.

128.  Plaintiff relied on defendants' representations in entering into the purchase contract.

129. Plaintiff relied on defendants' representations in making payments and maintaining insurance.

130. Plaintiff's reliance was justified.

131. [INSERT ADDITIONAL FACTUAL ALLEGATIONS IN SUPPORT OF THIS ELEMENT, such as reasons why reliance was justified].

132. Plaintiff suffered damages as a result.

133. Plaintiff lost the purchase price of $141,685.00.

134. Plaintiff lost all payments made and insurance premiums paid.

135. Plaintiff lost business opportunities and profits.

## COUNT VIII NEGLIGENT MISREPRESENTATION

136. That Plaintiff hereby incorporates by reference the allegations contained within the paragraphs 1-135 above as though fully restated and repeated herein paragraph for paragraph and word for word.

146. Defendants made representations in the course of their business or profession.

147. Defendant ACR Athens, LLC d/b/a Mercedes Benz of Athens is in the business of selling Mercedes vehicles.

148. Defendant Climb Entertainment LLC is in the business of modifying vehicles.

149. Defendants made representations regarding the modification of the van in the course of their business.

150. Defendants supplied false information without reasonable care.

151. Defendants represented that the modifications would be completed.

152. Defendants represented that defendant Climb Entertainment LLC was capable of completing the modifications.

153. Defendants made these representations without reasonable care to ensure their accuracy.

154. Defendants failed to verify that defendant Climb Entertainment LLC had the financial resources and capability to complete the modifications in a reasonable time.

155. Plaintiff justifiably relied on the representations.

156. Plaintiff relied on defendants' representations in entering into the purchase contract.

157. Plaintiff relied on defendants' representations in making payments and maintaining insurance.

158. Plaintiff's reliance was justified given defendants' expertise and business positions.

159. Plaintiff suffered pecuniary loss as a result.

160. Plaintiff lost the purchase price of $141,685.00.

161. Plaintiff lost all payments made and insurance premiums paid.

162. Plaintiff lost business opportunities and profits.

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

1. Compensatory damages against all defendants in an amount exceeding $500,000.00, including the full purchase price of $141,685.00, all payments made, all insurance

premiums paid, and all consequential damages including lost business opportunities and lost profits.

2.  Restitution against all defendants of all payments made on the financed purchase.

3.  Restitution against all defendants of all insurance premiums paid on the van.

4.  Declaratory judgment pursuant to 28 USCS § 2201 declaring the rights and obligations of the parties under the purchase contract and bailment agreement, and declaring that defendants breached their obligations and are liable to plaintiff.

5.  Punitive damages against all defendants in an amount to be determined at trial, if the evidence establishes fraud, intentional misrepresentation, or other intentional misconduct warranting such damages.

6.  Pre-judgment interest against all defendants at the maximum rate allowed by law from the date of defendants' breaches until the date of judgment.

7.  Post-judgment interest against all defendants pursuant to 28 USCS § 1961 from the date of judgment until paid in full.

8.  Attorney's fees and costs against all defendants to the extent permitted by contract, statute, or applicable law.

9.  Treble damages as to the allegations of conversion, fraud and misrepresentation

10.  Such other relief as the Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all causes of action included in this complaint

Respectfully Submitted

***/s/Robert L. Hamburger***